UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Jacob M. Curtis,

      Plaintiff(s),

v.

Sunrise Mountainview Hospital, Inc., et al.,

      Defendant(s).

Case No. 2:26-cv-00308-APG-NJK

ORDER

[Docket No. 2]

Pending before the Court is Plaintiff's application to proceed *in forma pauperis*. Docket No. 2.

The Court may authorize the commencement of an action without prepayment of fees and costs, or security therefor, by a person who has shown an inability to pay such costs. 28 U.S.C. § 1915(a)(1). A determination of whether the plaintiff has shown an inability to pay is a matter left to the discretion of the Court. *See, e.g.*, *Flores v. Colvin*, 2014 U.S. Dist. Lexis 93236, at *2 (D. Nev. May 22, 2014), *adopted*, 2014 U.S. Dist. Lexis 93234 (D. Nev. July 9, 2014). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). While an applicant need not be absolutely destitute to qualify for a waiver of costs and fees, the applicant must demonstrate an inability to pay those costs while still providing for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Although a person's earnings as compared to the poverty line is not the deciding factor on an IFP application, the comparison does provide some context." *Espinoza Rodriguez v. Canyon County*, 2019 WL 3307834, at *1 (D. Id. July 23, 2019).

Courts may look beyond an *in forma pauperis* application to determine an applicant's true financial condition. *O'Neal v. Denise*, Case No. 2:17-cv-02387-KJD-NJK, 2018 WL 1100903, at *1 (D. Nev. Jan. 11, 2018) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1035, 1037 n.3

1

(11th Cir. 2004)), *adopted*, 2018 WL 1092334 (D. Nev. Feb. 27, 2018).  Courts possess discretion to make a factual inquiry into the allegation of poverty.  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff's application appears to show that affording pauper status is not warranted in this case.  As a threshold matter, Plaintiff attests to monthly income of $5,700 (or $68,400 per year), Docket No. 2 at 1, which is orders of magnitude higher than the federal poverty level for a household of five, *see* https://www.healthcare.gov/glossary/federal-poverty-level-fpl/ (last visited February 13, 2026).[1]  That monthly income is also well above the amounts that have led to denial of *in forma pauperis* status in other cases.  *See, e.g.*, *Brunson v. Soc. Sec.*, 2019 WL 6709544, at *1 (D. Nev. Oct. 31, 2019) (denying in forma pauperis status based on monthly income of $1,397), *adopted*, 2019 WL 6700193 (D. Nev. Dec. 9, 2019).  Moreover, while the application identifies substantial monthly expenses, they appear to evidence spending that would not be expected for a litigant claiming pauper status.  For example, Plaintiff identifies $1,734 in car and insurance payments, along with another $730 in "transportation and fuel" expenses.  Docket No. 2 at 2.  The expenditure of nearly $2,500 each month in car and related expenses would not be expected for a litigant claiming pauper status.  *Cf. Espinoza Rodriguez*, 2019 WL 3307834, at *1.[2]  In addition, it appears that Plaintiff's spouse has income and may pay for at least part of the monthly expenses.  *See* Docket No. 2 at 1.  When spouses share income and expenses, the spouse's funds may be considered in deciding an application to proceed *in form pauperis*.  *See Escobedo*, 787 F.3d at 1236.

Given the circumstances, the Court **DENIES** without prejudice Plaintiff's application to proceed *in forma pauperis*.  No later than March 13, 2026, Plaintiff must either pay the filing fee or file a renewed application to proceed *in forma pauperis*.  If Plaintiff continues to seek *in forma pauperis* status, he must use the long-form application and must ensure that the form is filled out

---

[1] The application references a spouse, two daughters, and a granddaughter, so the Court treats Plaintiff as having a family of five for present purposes.

[2] Monthly food expenses of $1,300 would also appear quite generous for a litigant claiming pauper status.

completely.  Plaintiff must include his spouse's finances on that application, though he may file a separate statement if he contends that his spouse's finances should not be considered.  **FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL.**

The Clerk's Office is **INSTRUCTED** to send Plaintiff the long-form *in forma pauperis* application for non-prisoners.

IT IS SO ORDERED.

Dated:  February 10, 2026

_____

Nancy J. Koppe
United States Magistrate Judge

3