**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Jacob M. Curtis,

     Plaintiff(s),

v.

Sunrise Mountainview Hospital, Inc., et al.,

     Defendant(s).

Case No. 2:26-cv-00308-APG-NJK

**Report and Recommendation**[1]

[Docket No. 5]

Pending before the Court is Plaintiff's renewed application to proceed *in forma pauperis*. Docket No. 5.

The Court may authorize the commencement of an action without prepayment of fees and costs, or security therefor, by a person who has shown an inability to pay them. 28 U.S.C. § 1915(a)(1). A determination of whether the plaintiff has shown an inability to pay is a matter left to the discretion of the Court. *See, e.g.*, *Flores v. Colvin*, 2014 U.S. Dist. Lexis 93236, at \*2 (D. Nev. May 22, 2014), *adopted*, 2014 U.S. Dist. Lexis 93234 (D. Nev. July 9, 2014). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). While an applicant need not be absolutely destitute to qualify for a waiver of costs and fees, the applicant must demonstrate an inability to pay those costs while still providing for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Although a person's earnings as compared to the poverty line is not the deciding factor on an IFP application, the comparison does provide some context." *Espinoza Rodriguez v. Canyon County*, 2019 WL 3307834, at \*1 (D. Id. July 23, 2019).

---

[1] Denying an application to proceed *in forma pauperis* is a dispositive matter beyond a magistrate judge's authority. *Tripati v. Rison*, 847 F.2d 548, 549 (9th Cir. 1988). As such, the undersigned issues this report and recommendation to the assigned district judge.

Plaintiff's renewed application shows that pauper status is not warranted in this case. As a threshold matter, Plaintiff and his spouse[2] have monthly income of nearly $8,000, Docket No. 5 at 1, which is orders of magnitude higher than the federal poverty level for a household of five, *see* https://www.healthcare.gov/glossary/federal-poverty-level-fpl/ (last visited March 16, 2026).[3] That monthly income is also well above the amounts that have led to denial of *in forma pauperis* status in other cases. *See, e.g.*, *Brunson v. Soc. Sec.*, 2019 WL 6709544, at *1 (D. Nev. Oct. 31, 2019) (denying in forma pauperis status based on monthly income of $1,397), *adopted*, 2019 WL 6700193 (D. Nev. Dec. 9, 2019). Moreover, while the renewed application identifies substantial monthly expenses, it also evidences spending that would not be expected for a litigant claiming pauper status. For example, Plaintiff and his spouse own two vehicles worth tens of thousands of dollars, including a sports utility vehicle that appears to be very new. Docket No. 5 at 3. The resulting vehicle payments and insurance amount to $2,280 each month, *see id.* at 5, which is inconsistent with the claimed pauper status, *compare Espinoza Rodriguez*, 2019 WL 3307834, at *1.[4] Lastly, Plaintiff has cash available in an amount approaching the filing fee, *see* Docket No. 5 at 2, so it should be practicable for Plaintiff to bridge that gap in the near future.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's application to proceed *in forma pauperis* be **DENIED** and that Plaintiff be **ORDERED** to pay the filing fee by a date certain.

Dated: March 16, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] When spouses share income and expenses, the spouse's funds may be considered in deciding an application to proceed *in form pauperis*. *See Escobedo*, 787 F.3d at 1236. The Court afforded Plaintiff an opportunity to explain why his spouse's income should not be considered, Docket No. 4 at 3, but no such explanation was provided. Hence, the Court considers herein the spouse's finances.

[3] The renewed application references a spouse, two daughters, and a granddaughter. The Court notes that the two daughters are adult age, *see* Docket No. 5 at 3, and explanation has not been provided as to the financial support being provided to these adults. Even treating Plaintiff and his spouse as supporting a family of five, however, the financial picture that has been drawn does not provide a sufficient basis for Plaintiff to proceed *in forma pauperis*.

[4] Expending almost $900 each month on utilities is also generous. Docket No. 5 at 4.

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).